IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEILONI POPOALII, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-04120-CV-C-NKL |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |

ORDER

On July 27, 2006, the Court held a telephone conference with the parties to address, among other issues, Plaintiff's Motion for Leave to Amend the Complaint [Doc. # 192], which had been filed six months after the deadline for amending pleadings. The Court's minute entry for the conference [Doc. # 197] reflects that the Motion was denied, but does not include the colloquy that preceded the denial. Since there is no transcript of the telephone conference, the parties have moved the Court under Fed. R. App. P. 10(c) to settle and approve their conflicting recollections [Doc. # 259] of what was said during the conference and to include an approved statement in the record on appeal.

Defense Counsel recollects that "following argument by the parties, Judge Laughrey advised plaintiff's counsel that she would grant leave to file the First Amended Complaint provided that the plaintiff agreed to reimburse certain defense costs and fees because the new claims essentially could require repeating discovery to date." Because

1

Plaintiff's Counsel declined the opportunity to reimburse defense costs in exchange for leave to amend the Complaint, the Court denied the Motion. By contrast, Plaintiff's Counsel recollects only that the Court "queried Plaintiff's counsel regarding Plaintiff's ability and/or willingness to pay all of the defendants' attorney fees and costs incurred to date" and that this question was "never prefaced . . . with any statement that Plaintiff's motion would in fact be granted if such fees and costs were paid by Plaintiff." The Court then asked each counsel the amount of fees incurred to date, which exceeded $60,000. When Plaintiff's Counsel stated that Plaintiff could not pay such fees, the Court denied the Motion to Amend.

Although the Court cannot recall the exact wording used during the conference, it does recollect the substance of the exchange with Counsel:

> Plaintiff filed a Motion to amend her complaint because discovery had yielded evidence of additional negligence. Although she had already pleaded gross negligence on the part of jail medical personnel in her Section 1983 claims, Plaintiff wanted to add a count for common medical negligence. Defendants objected on the grounds that discovery was almost closed and it was too late to add additional theories of recovery. Finding that some discovery might have to be redone if Plaintiff were allowed to amend her complaint, the Court offered Plaintiff's counsel a choice either to proceed on the existing complaint or to amend the complaint but shift the costs of any duplicative discovery to Plaintiff. The Court asked the Defendants how much they had expended on discovery to date. Expense estimates in amounts beyond the Court's recollection were stated by each Defendant. The Court asked Plaintiff's Counsel if Plaintiff was prepared to pay those costs and Plaintiff's Counsel answered in the negative. Plaintiff did not argue that a different amount was acceptable. The Court then denied the Motion to Amend.

Accordingly, it is hereby

2

Case 2:05-cv-04120-NKL   Document 260   Filed 04/25/07   Page 2 of 3

ORDERED that the foregoing statement of what transpired during the July 27, 2007, telephone conference is SETTLED AND APPROVED pursuant to Fed. R. App. P. 10(c). The Clerk is directed to transmit this statement to the Eighth Circuit as part of the record on appeal.

                                                    s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: April 25, 2007
Jefferson City, Missouri